UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GAETAN PELLETIER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-027 |
| | § | |
| WEYERHAEUSER COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This commercial lawsuit is one of several involving the construction of the TexInn, a hotel in Cuero, DeWitt County, Texas. Plaintiff Gaetan Pelletier claims hotel ownership and seeks various damages allegedly caused by defective flooring provided, manufactured, or vouched for by Defendants and their employees. Plaintiff alleges that he purchased the lumber from Defendant Tri-State Trusses, Inc. ("Tri-State") through Tri-State's part-owner Ronnie Hickman. Plaintiff claims that the flooring was warranted to be in good condition by Defendants Hickman, Tri-State, Weyerhaeuser Co., and Weyerhaeuser NR Co.

Plaintiff brings claims for (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty, (4) negligence, (5) gross negligence, (6) negligent misrepresentation, (7) violation of the Magnuson-Moss Warranty Act, (8) common law fraud and fraudulent inducement, (9) fraud by nondisclosure, (10) breach of implied covenant of good faith and fair dealing, (11) conspiracy, (12) intentional infliction of

1

emotional distress, and (13) negligent infliction of emotional distress. For each of these causes of action, Plaintiff seeks damages in excess of $75,000 for lost revenues, the costs of repair to the building and replacement of the defective flooring, the costs of surplus materials, and emotional distress.

Plaintiff is a citizen and resident of California. Defendants Weyerhaeuser Co., Weyerhaeuser NR Co., George Weyerhaeuser Jr., Miles Drake, Garrett Kimble, Hickman, and Tri-State are all citizens and residents of states other than California. This Court has diversity jurisdiction. 28 U.S.C. § 1332(a). All Defendants have filed motions to dismiss Plaintiff's suit pursuant to Rule 12(b)(1) and Rule 12(b)(6). Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

Defendants have challenged Plaintiff's standing to bring his claims for breach of contract, breach of express warranty, breach of implied warranty, negligence, gross negligence, negligent misrepresentation, violation of the Magnuson-Moss Warranty Act, common law fraud and fraudulent inducement, fraud by nondisclosure, breach of implied covenant of good faith and fair dealing, and conspiracy. Based on Plaintiff's pleadings and the evidence in the record, Defendants contend that Plaintiff lacks standing to bring such claims against them because any claims would belong to Plaintiff's limited liability companies, not Plaintiff as an individual.

The issue is Plaintiff's ownership of the hotel. If he is not the owner, he is not the proper party to bring these claims. "If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim and dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate." *In re Enron Corp. Sec., Derivative & ERISA*

*Litig.*, 279 F.R.D. 395, 403 (S.D. Tex. 2011) (citations omitted). "[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919–20 (5th Cir. 2011)). When a defendant factually challenges ownership of legal rights by submitting evidence, the plaintiff must prove to the Court his own interest in the legal claims of his suit and must do so by a preponderance of the evidence. *Superior MRI Servs., Inc.*, 778 F.3d at 504. If he fails to do so, he has no standing and his suit must be dismissed. *Id.*

The Court has addressed these same standing concerns in a companion case, Pelletier v. Victoria Air Conditioning Ltd., et al., Cause No. 6:17-cv-6. The Court reviewed the public record and the evidence presented to the Court and concluded that the evidence did not establish that Plaintiff owns the hotel structure or the hotel business. Since identical questions of hotel ownership are present for the majority of his claims in this suit, the Court finds that for these claims Plaintiff has likewise "failed to prove the existence of...standing by a preponderance of the evidence." *Superior MRI Servs., Inc.*, 778 F.3d at 504. Plaintiff has not satisfied his burden of establishing that he has standing to assert his claims for breach of contract, breach of express warranty, breach of implied warranty, negligence, gross negligence, negligent misrepresentation, violation of the Magnuson-Moss Warranty Act, common law fraud and fraudulent inducement, fraud by nondisclosure, breach of implied covenant of good faith and fair dealing, and conspiracy. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).

Plaintiff also brings claims for intentional infliction of emotional distress and negligent infliction of emotional distress against all Defendants. Unlike the rest of his claims, Plaintiff has standing for these causes of actions because the injury asserted is personal to Plaintiff. All Defendants have moved to dismiss these claims under Rule 12(b)(6). A plaintiff must plead enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This pleading standard calls for "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Plaintiff alleges that "[t]he concerted efforts of all Defendants herein to deliberately mislead Plaintiff in the construction of his hotel/restaurant were extreme and outrageous and to the reasonable person would exceed all bounds of decent behavior....The emotional distress was a direct and proximate result of Defendants' actions, conduct and misleading warranty." (D.E. 49-1, Page 28). Plaintiff merely recites the elements for intentional and negligent infliction of emotional distress and does not provide specific factual allegations to support his claims. The Court is not required to accept his conclusory statements as true. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted for his intentional infliction of emotional distress and

negligent infliction of emotional distress claims. For the remaining claims, the Court finds that Plaintiff does not have standing and consequently, this Court lacks subject-matter jurisdiction. Accordingly, Defendants' motions to dismiss Plaintiff's suit are **GRANTED**.

ORDERED this 24 day of March, 2018.

*[signature]*
HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE