United States District Court
Southern District of Texas
**ENTERED**
March 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| GAETAN PELLETIER, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-027 |
| | § | |
| WEYERHAEUSER COMPANY, *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT APA-THE ENGINEERED WOOD ASSOCIATION'S MOTION TO DISMISS

This Order addresses the Rule 12(b)(6) motion of Defendant APA-The Engineered Wood Association ("APA") to dismiss the claims that Plaintiff Gaetan Pelletier has made against it. Previously the Court has granted Rule 12(b)(1) motions to dismiss filed by all other Defendants in this suit and by all other Defendants in a suit of similar substance. *See* Cause No. 6:17-cv-6. APA did not file a Rule 12(b)(1) motion in this suit.

APA-The Engineered Wood Association (formerly the American Plywood Association) is a trade association. According to Plaintiff, Weyerhaeuser is a member of APA and promoted Weyerhaeuser's flooring at issue in this case.

Although Plaintiff admits that APA did not sell the allegedly faulty flooring, Plaintiff brings claims for breach of express and implied warranty as well as claims for violation of the Magnusson-Moss Act.[1] Warranty claims in Texas can only be brought against sellers. *Sanchez v. Liggett Myers, Inc.*, 187 F.3d 486, 491 (5th Cir. 1999); *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 170-71 (5th Cir. 1996); *see also* Tex.

---

[1] 15 U.S.C. §§ 2301-2312.

1

Bus. & Com. Code Ann. §§ 2.313(a); 2.314(a). The Magnusson-Moss Act does not create warranties, but limits a seller's ability to restrict warranties. Because no state warranty exists, the Act does not apply. For the foregoing reasons, the Court finds that Plaintiff fails to state a claim upon which relief may be granted for breach of warranty.

Plaintiff alleged that APA breached the duty of good faith and fair dealing. But "Texas law does not impose a generalized contractual duty of good faith and fair dealing...." *Hux v. Southern Methodist Univ.*, 819 F.3d 776, 781 (5th Cir. 2016). Plaintiff admits that he had no contractual relationship with APA. The Court finds that Plaintiff fails to state a claim for breach of the duty of good faith and fair dealing.

Plaintiff brings multiple tort claims. Those claims are governed by a two year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).[2] Pelletier's Amended Complaint reveals he advised Defendant Hickman that the flooring had water damage before July 10, 2014. Plaintiff's Original Complaint was filed on May 4, 2017, more than two years after the flooring was damaged. All of Plaintiff's negligence claims are barred by limitations unless the discovery rule alleged by Plaintiff applies. The discovery rule applies only when a defendant fraudulently conceals the plaintiff's injury, the nature of the injury is inherently undiscoverable, and may be objectively verified. Plaintiff had possession of the flooring and noted water damage in 2014. The facts pleaded in this case do not support an extension of limitations. For the foregoing reasons,

---

[2] Negligent misrepresentation claims are governed by the two year statute of limitations. *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiff's claim for intentional infliction of emotional distress "was governed by a two-year statute of limitations under Texas law and was therefore barred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)." *Gomez v. Saenz*, 237 F.3d 631, 2000 WL 1701763 at *4 (5th Cir. 2000) (Table) (unpublished).

the Court finds that Plaintiff's tort claims are barred by limitations.

Plaintiff's claims for intentional misrepresentation, fraud, and fraud by nondisclosure are not barred by limitations. However, all of these claims are based upon alleged representations made on APA's website. Plaintiff alleges no interaction with APA or its representatives, other than the website, *before* he purchased the flooring. Plaintiff attached portions of documents that he viewed that were linked to APA's website. Those documents were prepared by Weyerhaeuser, not APA. (D.E. 49-6, 49-7). Plaintiff further alleges that the misrepresentations were designed to "mislead the customer and entice sales for the company's greater profits . . . ." This allegation fails to state a fraud or misrepresentation claim against APA which did not prepare the documents or sell the flooring.

Plaintiff alleges fraud by nondisclosure based upon APA's alleged fiduciary duty to make "very clear the water resistance ability of their product in the warranty . . . ." (D.E. 49-1, ¶ 137). The affirmative duty to speak in Texas arises only in a confidential or fiduciary relationship. Confidential or fiduciary relationships are based upon relationships such as those between an attorney and client or where one person trusts in and relies on another as a result of a moral, social, domestic, or personal relationship. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002); *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992). When a business transaction is involved, the confidential relationship must predate and be separate and apart from the agreement made the basis of the suit. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998). Plaintiff's viewing of

3

APA's website does not create a fiduciary or confidential relationship under Texas standards. For the foregoing reasons, the Court finds that Plaintiff failed to state a claim for intentional misrepresentation, fraud, or fraud by nondisclosure.

Finally, Plaintiff brought a claim for civil conspiracy. Civil conspiracy requires a combination of persons who agree to pursue an objective and to further that objective one or more of them commit an overt, unlawful act that results in damage to the plaintiff. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404-05 (5th Cir. 2013) (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)). Plaintiff does not allege any facts to support a meeting of the minds or an agreement between and among APA and the other Defendants. Plaintiff's assertion that executives at Weyerhaeuser were on APA's board or committees is insufficient. Moreover, Plaintiff's complaint does not allege any facts to support an unlawful act by any of the defendants or an unlawful purpose. For these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted for civil conspiracy.

Although not raised by Defendant APA, the Court finds Plaintiff has no standing to bring claims against APA for the same reasons stated in its order granting Defendants' Rule 12(b)(1) motions in Cause No. 6:17-cv-6 and its order granting the other Defendants' Rule 12(b)(1) motions in this case. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002) ("[Courts] must—where necessary—raise [the issue of standing] *sua sponte*."); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) ("[I]t is incumbent upon federal courts...to constantly examine the basis of jurisdiction, doing so on our own motion if necessary.").

The Court **GRANTS** Defendant APA's motion to dismiss Plaintiff's claims (D.E. 54).

ORDERED this ___ day of March, 2018.

_____
HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE